# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>BLAINE MASAMI NAGATA and<br>LORRAINE SADAKA NAGATA,<br><br>    Debtors.<br>_____<br><br>BLAINE MASAMI NAGATA and<br>LORRAINE SADAKA NAGATA,<br><br>    Plaintiffs,<br><br>  vs.<br><br>HFS FEDERAL CREDIT UNION,<br><br>    Defendant. | Case No. 05-02322<br>Chapter 7<br><br><br><br><br>Adv. Pro. No. 06-90039<br><br><br><br><br><br><br><br>Re: Docket No. 10 |

## MEMORANDUM DECISION REGARDING
## ENFORCEABILITY OF DRAGNET CLAUSE

This case presents the questions of whether a "dragnet clause" in a security agreement is effective under Hawaii law, and whether the lender waived the benefit of that clause in the course of the bankruptcy case. I answer both questions in favor of the lender.

On May 9, 2001, the debtors obtained a Visa credit card from HFS Federal Credit Union ("HFSFCU"). Their Visa Credit Card Agreement provided

that "[c]ollateral securing other loans you have with the Credit Union may also secure this loan, except that your home will never be considered as security for this Account, notwithstanding anything to the contrary in any other agreement."

On December 11, 2001, debtor Blaine Nagata obtained another loan from HFSFCU in the original principal amount of $18,042.90. Debtor Lorraine Nagata guarantied the loan. The loan was secured by two automobiles and was intended to refinance two preexisting loans secured by the same automobiles. The debtors signed a Security Agreement which included a "dragnet clause": "The security interest . . . also secures . . . any other loans you have with the credit union, including any credit card loan . . . ."

The debtors filed their chapter 7 petition on August 26, 2005. Their schedules listed the two automobiles as exempt assets and disclosed the auto refinancing loan and the Visa debt. The debtors later received their discharge, without any objection from HFSFCU.

HFSFCU filed a timely proof of claim asserting an unsecured claim in the amount of $5,537.32, representing the balance due on the Visa debt.

Later, the debtors repaid the auto loan and asked HFSFCU to release its lien on the vehicles. HFSFCU refused, contending that its lien also secured the Visa debt which had not been repaid. The debtors commenced this adversary

<s>U.S. Bankruptcy Court - Hawaii   #06-90039   Dkt # 35   Filed 07/20/06   Page 2 of 6</s>

proceeding, seeking a determination that the Visa debt is not secured by the vehicles.

The debtors have moved for summary judgment. Although the parties disagree about some factual issues, none of those issues affects the legal rights of the parties. Therefore, there are no genuine issues of material fact.

The debtors argue that, under Hawaii law, the dragnet clause is insufficient to encumber the automobiles with the credit card debt. Haw. Rev. Stat. § 490:9-204(c) provides, however, that, "A security agreement may provide that collateral secures . . . future advances or other value, whether or not the advances or value are given pursuant to commitment." Official Comment 5 explains this provision:

> Under subsection (c) collateral may secure future as well as past or present advances if the security agreement so provides. This is in line with the policy of this article toward security interests in after-acquired property under subsection (a). Indeed, the parties are free to agree that a security interest secures any obligation whatsoever. Determining the obligations secured by collateral is solely a matter of construing the parties' agreement under applicable law. This article rejects the holdings of cases decided under former article 9 that applied other tests, such as whether a future advance or other subsequently incurred obligation was of the same or a similar type or class as earlier advances and obligations secured by the collateral.

The loan documents which the debtors signed unambiguously provide that the vehicles secure the Visa debt. Under section 490:9-204(c), that is the end of the inquiry.

The debtors argue that the court should not follow the plain language of section 9-204(c). The case law they cite is inapplicable. The Hawaii cases, <u>Akamine & Sons, Ltd. v. American Security Bank</u>, 50 Haw. 304 (1968), and <u>Kamaole Resort Twenty-One v. Ficke Hawaiian Investments, Inc.</u>, 60 Haw. 413 (1979), involved only real property collateral, and thus did not invoke the Uniform Commercial Code. <u>In re Auza</u>, 181 B.R. 63 (B.A.P. 9th Cir. 1995), <u>In re Kim</u>, 256 B.R. 793 (Bankr. S.D. Cal. 2000), and <u>In re Wollin</u>, 249 B.R. 555 (Bankr. D. Or. 2000), involve personal property collateral but were decided before section 9-204(c) came into effect on July 1, 2001. See <u>Kim</u>, 256 B.R. at 797 n.4.

The debtors argue that HFSFCU should not be allowed to claim a security interest to secure the Visa debt because it filed a proof of claim describing that debt as unsecured. This argument fails for two reasons.

First, a claim is treated as secured for bankruptcy purposes only if the collateral is property of the bankruptcy estate. 11 U.S.C. § 506(a)(1). Conversely, if the collateral is not property of the bankruptcy estate, the claim is treated as unsecured. In this case, the debtors claimed that the vehicles were exempt, and no

U.S. Bankruptcy Court - Hawaii   #06-90039   Dkt # 35   Filed 07/20/06   Page 4 of 6

one timely objected to that claim. Therefore, by the time HFSFCU filed its proof of claim, the vehicles were not property of the estate. HFSFCU's characterization of its claim as unsecured was correct for bankruptcy purposes and cannot be treated as a waiver of the security interest.

Second, the debtors cite no authority for the proposition that a secured creditor waives its lien by mistakenly filing an unsecured proof of claim. The debtors' estoppel argument is unpersuasive. Estoppel generally requires a showing of detrimental reliance. <u>Bigjoe v. Pioneer Am Ins. Co.</u>, 446 F.2d 28 (9th Cir. 1971). The debtors have not stated that they did anything, or refrained from doing anything, in reliance upon the proof of claim (and few if any chapter 7 debtors could make that showing).

The debtors argue that, by failing to object to the debtors' discharge, HFSFCU lost its lien rights. Similarly, the debtors contend that HFSFCU's demand for payment of the Visa debt violated the discharge injunction. The bankruptcy discharge, however, has no effect on liens. 11 U.S.C. § 524 provides that the discharge enjoins the collection of a discharged debt "as a personal liability of the debtor." This means that liens "ride through" bankruptcy. "It is well settled that valid, perfected liens and other security interests pass though bankruptcy unaffected." <u>Dewnsnup v. Timm</u>, 502 U.S. 410, 418 (1992). Valid liens that have

not been disallowed or avoided survive the bankruptcy discharge of the underlying debt. In re Cortez, 191 B.R. 174, 177 (B.A.P. 9th Cir. 1995). The debtors' discharge therefore had no effect on HFSFCU's liens and HFSFCU's enforcement of those liens did not violate the discharge injunction.

The debtors argue that the auto refinancing debt was adequately protected by the value of the automobiles. This is irrelevant. The concept of adequate protection is intended to protect the economic and legal rights of secured creditors in bankruptcy cases; it does not have anything to do with the scope of a lien and does not permit debtors to limit or avoid liens.

Finally, the debtors contend that HFSFCU committed an unfair or deceptive practice under chapter 480 of the Hawaii Revised Statutes. HFSFCU did nothing but attempt through lawful means to enforce a valid security interest. There was no unfair or deceptive practice.

For these reasons, the motion for summary judgment is DENIED.

DATED: Honolulu, Hawaii, July 20, 2006.

/s/ Robert J. Faris
United States Bankruptcy Judge

6     05-02322 NAGATA memo decision dragnet clause.wpd

U.S. Bankruptcy Court - Hawaii   #06-90039   Dkt # 35   Filed  07/20/06   Page 6 of 6

not been disallowed or avoided survive the bankruptcy discharge of the underlying debt. In re Cortez, 191 B.R. 174, 177 (B.A.P. 9th Cir. 1995). The debtors' discharge therefore had no effect on HFSFCU's liens and HFSFCU's enforcement of those liens did not violate the discharge injunction.

The debtors argue that the auto refinancing debt was adequately protected by the value of the automobiles. This is irrelevant. The concept of adequate protection is intended to protect the economic and legal rights of secured creditors in bankruptcy cases; it does not have anything to do with the scope of a lien and does not permit debtors to limit or avoid liens.

Finally, the debtors contend that HFSFCU committed an unfair or deceptive practice under chapter 480 of the Hawaii Revised Statutes. HFSFCU did nothing but attempt through lawful means to enforce a valid security interest. There was no unfair or deceptive practice.

For these reasons, the motion for summary judgment is DENIED.

DATED: Honolulu, Hawaii, July 20, 2006.

/s/ Robert J. Faris
United States Bankruptcy Judge